## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

REED CHENEVERT                              CASE NO.  6:24-CV-00670

VERSUS                                       JUDGE ROBERT R.
                                             SUMMERHAYS
ALLSTATE INSURANCE CO                        MAGISTRATE JUDGE CAROL B.
                                             WHITEHURST

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Compel Discovery Responses (Rec. Doc. 17), which Defendant, Allstate, opposed (Rec. Doc. 20). The parties participated in a telephone hearing on March 13, 2025.

Plaintiff sued his homeowner's insurer, Allstate, in state court for alleged roof damage following a storm. He asserts claims for breach of contract and for bad faith damages under Louisiana penalty statutes, La. R.S. 22:1973 and 22:1892. (Rec. Doc. 1-1). Plaintiff propounded initial discovery in October 2024. Following discussion between counsel pursuant to Rule 37 (Rec. Doc. 17-2 through 17-8), Allstate provided supplemental responses on February 14, 2025. (Rec. Doc. 17-9). Allstate produced certain documents but objected to producing others, which Plaintiff now seeks compel. Plaintiff also seeks costs and attorneys' fees as discovery sanctions.

### I.    Scope of Discovery

F.R.C.P. Rule 26(b) governs the scope of discovery:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Objections to written discovery must be specific and with stated reasons.

F.R.C.P. Rule 33(b)(4); Rule 34(b)(2)(B). Boilerplate objections are unacceptable.

*Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.,* 258 F.R.D. 149, 159 (S.D. Tex.

2009); see also *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482,

1485 (5th Cir.1990).

## II.    Specific Requests

Plaintiff seeks production of the following information:

### A. Documents pertaining to managerial bonus or incentive plans and procedures for adjuster evaluations (Req. No. 14 and 15; Interrogatory No. 10)

Allstate objected to producing any information regarding "managerial bonus or incentive plan for managers responsible for weather related claims in effect for the time period of six months prior to the date of loss" as overly broad, vague, and ambiguous. (Rec. Doc. 17-9, p. 5). Similarly, Allstate objecting to providing "procedures for evaluation of the adjusters handling this claim including, but not

limited to, a description of performance measurements used and a description of your bonus/incentive plan for adjusters." (Rec. Doc. 17-9, p. 14). Allstate objected on the grounds that the requests were "overly broad, vague, and ambiguous as well as unlikely to lead to any admissible evidence."

The Court overrules Allstate's boilerplate objections and finds that the requests are reasonably limited. Regarding relevance, the Court finds that documents regarding adjuster bonus/incentive plans, as well as the evaluation procedures, applicable at the time of adjustment to the particular adjuster(s) who handled Plaintiff's claim are relevant in the context of Plaintiff's bad faith claims. See *Adoue v. Paul Revere Life Ins. Co.,* No. CV 19-10500, 2020 WL 4816054, at *2 (E.D. La. Aug. 19, 2020) (citing multiple cases for the proposition that bonus and incentive plans of decision-makers are relevant to bad faith claims); *Suljanovic v. State Farm Mut. Auto. Ins. Co.,* No. 4:20-CV-534 RLW, 2021 WL 634143, at *3 (E.D. Mo. Feb. 18, 2021), citing "numerous federal trial courts [which] have ordered production of documents that may reflect an insurer's financial incentive to employees in the context of bad faith claims." *Beck v. Allstate Vehicle and Prop. Ins. Co.*, No. 3:16-CV-3244-D-BK, 2017 WL 11496870, at *2 (N.D. Tex. Sept. 25, 2017) (permitting discovery of background, education and claims-handling training/job performance of the adjusters who specifically assessed plaintiff's claim as relevant to whether the adjuster improperly assessed the plaintiff's claim).

### B. Documents pertaining to price estimates of contractors (Req. No. 20)

Allstate objected to producing "reference materials, handouts, manuals, outlines, articles and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Louisiana from six (6) months prior to the date of loss to the present." (Rec. Doc. 17-9, p. 7). The Court finds the request is vague and overly broad insofar as it seeks price estimates and changes of price estimates in difference geographic areas for a nearly two-year period. The Court further sustains Allstate's objection insofar as the Court finds the request is beyond the scope of permitted discovery in this case. Allstate has provided the estimates applicable to this claim.

### III.    Sanctions

Under F.R.C.P. Rule 37(a)(5)(C), if the court grants in part and denies in part a motion to compel, discovery sanctions as costs and attorneys' fees are discretionary. The Court finds sanctions unwarranted in this case.

IT IS ORDERED that Plaintiff's Motion to Compel Discovery Responses (Rec. Doc. 17) is GRANTED IN PART AND DENIED IN PART. The motion is granted insofar as Allstate shall provide supplemental responses to Requests for Production No. 14 and 15 and Interrogatory No. 10. The motion is denied in all other respects.

Signed at Lafayette, Louisiana on this 13th day of March, 2025.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE